UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUAN A LAFONTA | CIVIL ACTION |
| VERSUS | NO. 11-1280 |
| DANIEL MARTINEZ, ET AL. | SECTION "N" (3) |

## **ORDER AND REASONS**

Presently before the Court are various motions, as well as a request for oral argument regarding Plaintiff's pending "Motion to Remand" (Rec. Docs. 14 and 35). Having reviewed the parties' written submissions, the Court rules as stated herein.

First, considering that no opposition memorandum has been filed, and the Court finds the motion to have merit, **IT IS ORDERED** that Defendants' "Joint Motion to Amend Notice of Removal" (Rec. Doc. 20) is **GRANTED**. The Court recognizes that "[t]he burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 919, *cert. denied*, 534 U.S. 993 (2001). And, similarly, "[f]or diversity jurisdiction, [the removing] must distinctly and affirmatively allege the citizenship of the parties." *Id.* (internal quotations and citations omitted). Nevertheless, amendments providing only technical corrections or additions to a notice of removal, rather than creating jurisdiction where it previously did not exist, may be allowed prior to judgment and, in some circumstances, even at the appellate level. *See* 28

U.S.C. §1653; *see also Howery,* 243 F.3d at 919-20 and n. 39; *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed.Appx. 62, 66-68, 2010 WL 445470, *2-4 (unpub.); *Whitmire v. Victus Ltd. T/A Master Design Furniture*, 212 F.3d 885, 887-90 (5th Cir. 2000); *Tenet Healthsystem Hosps., Inc. v. Crosby Tugs, Inc.*, No. 04-1632, 2005 WL 1038072, *4-5 (E.D. La.)(Engelhardt, J.). In this instance, certain of the parties' post-removal submissions (*see, e.g.,* Rec. Docs. 20 and 26-2), as well as the magistrate judge's August 29, 2011 Order (Rec. Doc. 29), reflect that defendants Daniel Martinez and Jose Rivera actually are the same person, and that Mr. Martinez a/k/a/ Mr. Rivera is domiciled in the state of Georgia. Further, the Court finds the addition of this clarifying information to the Defendants' notice of removal to constitute a warranted technical amendment of that document.

Given the foregoing, **IT IS ORDERED** that Defendants' "Joint Motion to Expedite Motion to Amend Notice of Removal" (Rec. Doc. 21) is **DENIED** as **MOOT**.

Given the foregoing, oral argument relative to Plaintiff's "Motion to Remand" (Rec. Doc. 14) does not appear to be warranted. Accordingly, **IT IS ORDERED** that Defendants' request that oral argument be held on Wednesday, September 14, 2011 (Rec. Doc. 35), relative to the motion to remand, is **DENIED**.

Additionally, given the foregoing, the Court concludes that, for diversity purposes, neither Mr. Martinez a/k/a/ Mr. Rivera, nor Defendant Government Employees Insurance Company, is a citizen of the state of Louisiana. *See* 28 U.S.C. § 1332(a). Accordingly, on the showing made, **IT IS ORDERED** that Plaintiff's Motion to Remand (Rec. Doc.14) is **DENIED**, and that any hearing or other submission of the motion on September 14, 2011 is unnecessary and, thus, **CANCELLED**.

Finally, having considered the Court's rulings made herein, Defendants are to

promptly advise the undersigned whether they desire to withdraw their motions regarding the magistrate judge's August 16, 2011 order relative to the filing of an amended complaint. *See* Rec. Docs. 32 and 37.

      New Orleans, Louisiana, this 7th day of September 2011.

                                              **KURT D. ENGELHARDT**
                                              **United States District Judge**